```
                  UNITED STATES DISTRICT COURT

                  EASTERN DISTRICT OF LOUISIANA


SOUTHEAST HOUSING, LLC                            CIVIL ACTION

V.                                                NO. 17-6140

FIRST NBC BANK, ET AL.                            SECTION "F"
```

ORDER AND REASONS

Before the Court is a motion to stay action pending exhaustion of administrative remedies by the Federal Deposit Insurance Corporation, as Receiver for First NBC Bank, New Orleans, LA (FDIC-R). FDIC-R seeks a 180-day stay, or, alternatively, a 90-day stay. For the reasons that follow, the motion is GRANTED, and this matter is hereby stayed for 90 days.

**Background**

The lawsuit arises out of an allegedly wrongful foreclosure. On March 17, 2017, Southeast Housing, LLC filed a petition to annul sheriff's sale, tax sale, and for damages for wrongful seizure against various defendants, including First NBC Bank in state court.

Southeast alleges that it purchased certain immovable property in St. Tammany Parish known as Lots 28A and 28B of Kensington Estates, Phase 3, Nickel Creek. When Southeast purchased these lots, they were encumbered by a mortgage in favor

1

of Central Progressive Bank; the same mortgage also encumbered two other lots in the subdivision.

In connection with Southeast's purchase of Lots 28A and 28B, Central Progressive provided payoff figures for partial releases of the mortgage, and those amounts were paid to Central Progressive in full at closing.  However, Lots 28A and 28B were not released from the Central Progressive mortgage; Southeast was not aware that the Central Progressive mortgage remained of record against Lots 28A and 28B.

Unbeknown to Southeast, First NBC Bank, as successor by acquisition to Central Progressive, filed a foreclosure action as to all four lots described in the mortgage, including Lots 28A and 28B, on November 13, 2013.  First NBC Bank named as defendant only the original mortgagor and failed to name Southeast, the owner of record of Lots 28A and 28B, in the foreclosure action.  Had Southeast received notice of the suit, it alleges, it would have challenged the foreclosure because the mortgage should have been cancelled as to Lots 28A and 28B due to the 2008 payments, which totaled nearly a half million dollars.  Lots 28A and 28B were ultimately sold to First NBC Bank at the sheriff's sale.  When Southeast learned of the sale, it filed this lawsuit in state court in St. Tammany Parish to challenge the validity of the sale and to seek damages caused by the sale.

Once this litigation was filed in state court, counsel for Southeast attempted to amicably resolve the wrongful foreclosure with First NBC Bank. Before that could be accomplished, however, First NBC Bank was closed on April 28, 2017, its liquidation was ordered commenced, and the FDIC-R was confirmed as receiver of First NBC Bank. Pursuant to the order confirming it as receiver, FDIC-R is vested with title to all assets of First NBC Bank without execution of any instruments of conveyance, assignments, transfer, or endorsement, and is vested with the full and exclusive management and control of First NBC Bank. On June 26, 2017, the FDIC-R removed the lawsuit to this Court. The FDIC-R now seeks entry of an order staying this action as to all parties for 180 days to allow sufficient time for the FDIC-R to conduct, and for all parties with potential claims against First NBC Bank to comply with, the FDIC's claim administration and review process; alternatively, the FDIC-R seeks entry of an order staying this action as to all parties for 90 days as required upon request pursuant to 12 U.S.C. § 1821(d)(12)(B).

I.

A.

Congress set forth the rights and duties that govern the receivership of a failed institution in the Financial Institutions Reform, Recovery and Enforcement Act of 1989. The Act establishes

3

a claim administration and review procedure by which all claims asserted against the assets of the failed institution must be submitted to the FDIC-R for a determination of whether they will be allowed or disallowed in the FDIC's discretion.  12 U.S.C. § 1821(d)(3)-(5).  The Act makes participation in the claims process mandatory.  See Carney v. RTC, 19 F.3d 950, 955 (5th Cir. 1994)(citations omitted)("We note initially that [the Act] makes participation in the administrative review process mandatory, regardless of whether the claims were filed before or after the RTC was appointed receiver of the failed institution.").

When claims for monetary damages are brought before receivership, a court continues to have subject matter jurisdiction over those claims.  Id. (citations omitted).  But the Court must stay the lawsuit until the mandatory administrative claims process has been exhausted.  Id. at 956 (noting that the Act "creates a 'scheme under which courts will retain jurisdiction over pending lawsuits -- suspending, rather than dismissing, the suits -- subject to a stay of proceedings as may be appropriate to permit exhaustion of the administrative review process as it pertains to the underlying claims.").

Section 1821(d)(12) of the Act provides that after the FDIC-R has been appointed receiver for a failed depository institution, it may request a stay "in any judicial action or proceeding to

4

which such institution is or becomes a party." 12 U.S.C. § 1821(d)(12)(A). If requested, the stay is mandatory. Id. at § 1821(d)(12)(B)("[u]pon receipt of a request by any conservator or receiver pursuant to subparagraph (A) for a stay of any judicial action or proceeding in any court with jurisdiction of such action or proceeding, the court shall grant such stay as to all parties."). The receiver may request "a stay for a period not to exceed...90 days." Id. at § 1821 (d)(12)(A)(ii).

*B.*

It is undisputed that the plaintiff may seek redress from this Court after the administrative process has been exhausted. It is likewise undisputed that the FDIC-R's timely request entitles it to a mandatory stay of this action for 90 days. Id. at § 1821 (d)(12)(A). The parties quarrel, however, over whether the FDIC-R is entitled to a longer stay of 180 days.

In support of its request for a 180-day stay, the FDIC-R submits that the claims process should be allowed to proceed to conclusion before this litigation proceeds. The FDIC-R notes that the Act provides that creditors have 90 days after publication of notice to present their claims. 12 U.S.C. § 1821(d)(3)(B)(i). Once the claims are presented by the claim bar date of August 2, 2017, the FDIC has 180 days within which to consider the claim and notify the claimant whether it has been allowed or disallowed. Id. at §

5

1821(d)(6)(A). It would create a procedural quandary if the Court only granted a 90-day stay, the FDIC-R submits, and the administrative proceeding was still ongoing after 90 days. Southeast counters that the clear text of the Act calls for a stay not longer than 90 days. The Court agrees. FDIC-R's speculative procedural quandary fails to persuade the Court to enlarge the statutory stay period. If Congress wanted to empower a receiver to request a stay that coincides with the maximum time a receiver has to consider claims and notify claimants of its decision (180 days), it could have so provided. Instead, Congress clearly provides that a "receiver may request a stay for **a period not to exceed...90 days**, in the case of any receiver." Id. at § 1821(d)(12)(A)(ii)(emphasis added).

Accordingly, IT IS ORDERED: that insofar as the FDIC-R requests a 90-day stay, the FDIC-R's motion to stay is hereby GRANTED. This matter is hereby stayed, and closed, for statistical purposes, for 90 days; the case will not be automatically reopened, but, rather, will be reopened upon proper motion filed by counsel.

New Orleans, Louisiana, July 26, 2017.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE